IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DANIEL QUINN | : | |
| Plaintiff, | : | |
| | : | NO. 5:13-cv-02941-MSG |
| v. | : | |
| | : | |
| EQUIFAX INFORMATION SERVICES LLC and | : | |
| SAFE HOME SECURITY, INC., | : | |
| Defendants. | : | |
| | : | |

## ANSWER OF DEFENDANT SAFE HOME SECURITY, INC. WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Safe Home Security, Inc. ("Safe Home"), by and through its attorneys, Gay Chacker & Mittin, P.C., hereby answers the Complaint with Affirmative Defenses.  In opposition thereto, Safe Home avers as follows:

1.      Denied.  The allegations contained in paragraph 1 of plaintiff's Complaint are denied as conclusions of law to which no response is required.

2.      Denied.  The allegations contained in paragraph 2 of plaintiff's Complaint are denied as conclusions of law to which no response is required.

3.      Denied.  The allegations contained in paragraph 3 of plaintiff's Complaint are denied as conclusions of law to which no response is required.

4.      Denied.  The allegations contained in paragraph 4 of plaintiff's Complaint are denied on the grounds that, after reasonable investigation, Safe Home is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

5.      Denied.  The allegations contained in paragraph 5 of plaintiff's Complaint are denied on the grounds that, after reasonable investigation, Safe Home is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

6.      Admitted in part.  Denied in part.  It is admitted that Safe Home conducts business in the Eastern District of Pennsylvania.  The remaining allegations are denied

7.      Denied.  The allegations contained in paragraph 7 of plaintiff's Complaint are denied as conclusions of law to which no response is required.  To the extent that such allegations are factual, they are denied as they apply to Safe Home.  Strict proof of same is demanded.  The remaining allegations are denied on the grounds that, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

8.      Denied.  The allegations contained in paragraph 8 of plaintiff's Complaint are denied.  Strict proof of same is demanded.

9.       Denied.  The allegations contained in paragraph 9 of plaintiff's Complaint are denied as conclusions of law to which no response is required.  To the extent that such allegations are factual, they are denied as they apply to Safe Home.  Strict proof of same is demanded.

10.      Denied.  The allegations contained in paragraph 10 of plaintiff's Complaint are denied as conclusions of law to which no response is required.  To the extent that such allegations are factual, they are denied as they apply to Safe Home.  Strict proof of same is demanded.

11.      Denied.  The allegations contained in paragraph 11 of plaintiff's Complaint are denied as conclusions of law to which no response is required.  To the extent that such

allegations are factual, they are denied as they apply to Safe Home.  Strict proof of same is demanded.

13.     Denied.  The allegations contained in paragraph 12 of plaintiff's Complaint are denied as conclusions of law to which no response is required.  To the extent that such allegations are factual, they are denied as they apply to Safe Home.  Strict proof of same is demanded.

13.     Denied.  The allegations contained in paragraph 13 of plaintiff's Complaint are denied as conclusions of law to which no response is required.  To the extent that such allegations are factual, they are denied as they apply to Safe Home.  Strict proof of same is demanded.

14.     Denied.  The allegations contained in paragraph 14 of plaintiff's Complaint are denied as conclusions of law to which no response is required.  To the extent that such allegations are factual, they are denied on the grounds that, after reasonable investigation, Safe Home is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.  Strict proof of same is demanded.

15.     Denied.  The allegations contained in paragraph 15 of plaintiff's Complaint are denied as conclusions of law to which no response is required.  To the extent that such allegations are factual, they are denied.  Strict proof of same is demanded.

16.     Denied.  The allegations contained in paragraph 16 of plaintiff's Complaint are denied as conclusions of law to which no response is required.  To the extent that such allegations are factual, they are denied as they apply to Safe Home.  Strict proof of same is demanded.

17.     Denied.  The allegations contained in paragraph 17 of plaintiff's Complaint are denied as conclusions of law to which no response is required.  To the extent that such allegations are factual, they are denied on the grounds that, after reasonable investigation, Safe Home is without knowledge or information sufficient to form a believe as to the truth of the matter asserted.  Strict proof of same is demanded.

18.     Denied.  The allegations contained in paragraph 18 of plaintiff's Complaint are denied as conclusions of law to which no response is required.  To the extent that such allegations are factual, they are denied on the grounds that, after reasonable investigation, Safe Home is without knowledge or information sufficient to form a believe as to the truth of the matter asserted.  Strict proof of same is demanded.

19.     Denied.  The allegations contained in paragraph 19 of plaintiff's Complaint are denied as conclusions of law to which no response is required.  To the extent that such allegations are factual, they are denied.  Strict proof of same is demanded.

20.     Denied.  The allegations contained in paragraph 20 of plaintiff's Complaint are denied as conclusions of law to which no response is required.

21.     Denied.  The allegations contained in paragraph 21 of plaintiff's Complaint are denied as conclusions of law to which no response is required.

### COUNT II
### Plaintiff v. Equifax

22.     Safe Home hereby incorporates by reference its responses to the allegations to paragraphs 1 through 21, inclusive, of plaintiff's Complaint as if the same were set forth at length herein.

23.     Denied.  The allegations contained in paragraph 23 of plaintiff's Complaint are denied as conclusions of law to which no response is required.  To the extent that they

are factual, they are directed to defendant Equifax and not Safe Home.  As such, Safe Home denies said allegations.

24.     Denied.  The allegations contained in paragraph 24 of plaintiff's Complaint are denied as conclusions of law to which no response is required.  To the extent that they are factual, they are directed to defendant Equifax and not Safe Home.  As such, Safe Home denies said allegations.

25.     Denied.  The allegations contained in paragraph 25 of plaintiff's Complaint are denied as conclusions of law to which no response is required.  To the extent that they are factual, they are directed to defendant Equifax and not Safe Home.  As such, Safe Home denies said allegations.

26.     Denied.  The allegations contained in paragraph 26 of plaintiff's Complaint are denied as conclusions of law to which no response is required.  To the extent that they are factual, they are directed to defendant Equifax and not Safe Home.  As such, Safe Home denies said allegations.

27.     Denied.  The allegations contained in paragraph 27 of plaintiff's Complaint are denied as conclusions of law to which no response is required.  To the extent that they are factual, they are directed to defendant Equifax and not Safe Home.  As such, Safe Home denies said allegations.

**COUNT II**
**Plaintiff v. Safe Home**

28.     Safe Home hereby incorporates by reference its responses to the allegations to paragraphs 1 through 27, inclusive, of plaintiff's Complaint as if the same were set forth at length herein.

29.     Denied.  The allegations contained in paragraph 29 of plaintiff's Complaint are denied as conclusions of law to which no response is required.

30.     Denied.  The allegations contained in paragraph 30 of plaintiff's Complaint are denied as conclusions of law to which no response is required.

31.     Denied.  The allegations contained in paragraph 31 of plaintiff's Complaint are denied as conclusions of law to which no response is required.

32.     Admitted.

WHEREFORE, defendant, Safe Home Security, Inc., respectfully request that this Court enter judgment in its favor and against plaintiff on all claims contained in plaintiff's Complaint, together with attorney's fees, costs, and any other relief that this court deems appropriate.

## AFFIRMATIVE DEFENSES

By way of further response to the allegations contained in plaintiff's Complaint, Safe Home asserts the following Defenses:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

At all times relevant hereto, Safe Home maintained reasonable procedures to ensure maximum possible accuracy in reporting accounts to credit companies.

## THIRD DEFENSE

Safe Home has complied with the Fair Credit Reporting Act in his handling of plaintiff's file/account and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## FOURTH DEFENSE

Safe Home complied with all obligations required of it.

## FIFTH DEFENSE

Plaintiff has failed to comply with all obligations required of him.

## SIXTH DEFENSE

No conduct of Safe Home has resulted in any harm or damages to plaintiff.

## SEVENTH DEFENSE

Plaintiff's claim of damages, which is specifically denied, was not proximately caused by any acts and/or omissions of Safe Home, its, servants, or agents.

## EIGHTH DEFENSE

Any harm or injury suffered by plaintiff, the existence of such harm or injury being specifically denied, is the result of plaintiff's own actions and/or inactions.

## NINTH DEFENSE

Any harm or injury suffered by plaintiff, the existence of such harm or injury being specifically denied, is the result of the actions of others not within the control of Safe Home.

## TENTH DEFENSE

Plaintiff's claims may be the result of acts/omissions of other individuals or entities whose acts or omissions my have constituted intervening and/or superseding causes of the damages allegedly sustained by plaintiff.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWELFTH DEFENSE

At all relevant times hereto, plaintiff's alleged damages, which are specifically denied, were aggravated by the failure of the plaintiff to use reasonable diligence to mitigate the same. Therefore, plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses

## THIRTEENTH DEFENSE

Plaintiff cannot meet the requirements of 15 U.S.C. §1681n in order to recover punitive damages.

## FOURTEENTH DEFENSE

Safe Home adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases:  BMW v. Gore, 517 U.S. 559 (1996); Cooper Indus., Inc. V. Leatherman Tool Group, Inc., 532 U.S. 923 (2001); State Farm v. Campbell, 538 U.S. 408 (2003) and Safeco Insurance Co. of America v. Burr, 127 S. Ct. 2201 (2007).

## FIFTEENTH DEFENSE

Plaintiff failed to pay all monies due and owing to Safe Home.

## SIXTEENTH DEFENSE

Safe Home did not report inaccurate information regarding plaintiff.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred and/or limited by the terms of his contract with Safe Home.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred as this Court does not have jurisdiction over this matter based upon the terms of the contract between the parties.

## <u>NINETEENTH DEFENSE</u>

Safe Home reserves the right to have additional defenses that it learns through the course of this action

WHEREFORE, defendant, Safe Home Security, Inc., respectfully requests that this Court enter judgment in its favor and against plaintiff on all claims contained in plaintiff's, together with attorney's fees, costs, and any other relief that this court deems appropriate.


      */s Brian S. Chacker*
      Brian S. Chacker, Esquire (ID# 84824)
      Gay Chacker & Mittin, P.C.
      1731 Spring Garden Street
      Philadelphia, PA  19130
      (215) 567-7955
      bchacker@gaychackermittin.net

      Attorneys for Defendant,
      Safe Home Security, Inc.

Date:   September 16, 2013

## <u>CERTIFICATE OF SERVICE</u>

I, Brian S. Chacker, Esquire hereby certify that a true and correct copy of

the foregoing Answer with Affirmative Defenses was served this 16th day of

September, 2013, via ECF Filing System and upon the following:

> Mark D. Mailman, Esquire
> Erin Amanda Novak, Esquire
> Francis & Mailman
> Land Titled Building, 19th Floor
> 100 South Broad Street
> Philadelphia, PA  19110
>
> James W. Christie, Esquire
> Barbara S. Magers, Esquire
> Christie Pabarue and Young, P.C.
> 1880 JFK Blvd, 10th Floor
> Philadelphia, PA  19103

> */s Brian S. Chacker*
> Brian S. Chacker